Robert J. Magee, Esquire
Worth, Magee & Fisher, P.C.
Attorney for Plaintiff
2610 Walbert Avenue
Allentown, PA  18104
(610)437-4896
rmagee@fast.net
I.D. #:30911

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JERRY RAY CORLISS, | : | Civil Action No.: |
| Plaintiff, | : | |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| DALE STOKES AND THE CITY OF | : | |
| ALLENTOWN, | : | |
| Defendants. | : | |

**COMPLAINT**

This is an action for monetary damages and injunctive relief brought pursuant to

42 U.S.C. §1983 and §1988, and the Fourth and Fourteenth Amendments to the

United States Constitution and under the laws and Constitution of the Commonwealth

of Pennsylvania.

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331

and has pendent jurisdiction over the state law claims;

2.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.      Plaintiff, Jerry Corliss ("Plaintiff") is a citizen of the Commonwealth of

Pennsylvania, residing in Allentown, Pennsylvania;

4.      Defendant, Dale Stokes, was at all relevant times a duly appointed

officer of the Allentown Police Department, and at all times herein complained of was

acting under color of state law, specifically, under color of statutes, ordinances,

regulations, policies, customs and usages of the Commonwealth of Pennsylvania and

the City of Allentown, and or the City of Allentown Police department;

5.      Defendant, City of Allentown, is a municipal corporation duly organized,

existing and operating under and pursuant to the applicable laws of the

Commonwealth of Pennsylvania and at all relevant times was the employer of

Defendant, Officer Stokes and, as such has responsibility for hiring, training,

supervision, disciplining and retention of police officers employed by the Defendant,

City of Allentown, including Defendant Stokes;

## FACTUAL ALLEGATIONS

6.      On October 6, 2008, at or about 3:30 p.m., Plaintiff was a business

invitee and was legally and lawfully upon the premises of Home Depot, a retail

establishment located at 1951 Glenwood Street, Allentown, Pa

7.      At the time, the Plaintiff, as permitted by all applicable laws and the

Constitution of the United States and the amendments thereto, was openly carrying a

legally possessed handgun, which was safely and properly secured in a holster;

8.      While the Plaintiff was so engaged, the individual Defendant, Dale

Stokes, arrived on the premises in full uniform, displaying a badge of his authority and purporting to carry out his duties as a police officer in the employ of the Defendant, City of Allentown.

9.      Although the Plaintiff was not doing anything improper, illegal or even suspicious, and despite the fact that Defendant Stokes had no reason to think or suspect otherwise, Defendant Stokes nonetheless accosted the Plaintiff, and thereafter illegally harassed, detained and/or arrested him, and otherwise interfered with his rights under the Fourth and Fourteenth Amendments to the United States Constitution;

## COUNT I – JERRY CORLISS VS. DALE STOKES

10.      The Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 9 of this complaint as though the same were fully set forth herein at length;

11.      At the commencement of the incident, the Plaintiff, was confronted by Defendant Stokes as to why he was carrying a firearm on his person;

12.      For a period of time thereafter, Plaintiff was prevented from continuing to shop, was illegally detained and was required, without cause or justification, to produe identification;

13.      Even though the Plaintiff submitted to the illegal demand for identification, the Defendant, nonetheless continued to detain the Plaintiff and subjected him to an illegal search of his person in front of various members of the public who were patronizing the store;

14.     All of the above acts of the Defendants were carried out with a conscious and/or reckless disregard of the Constitutional Rights of the Plaintiff to be free from unreasonable arrests, detentions, searches and seizures;

15.     At the time of the Plaintiff's seizure and search by the Defendant, the Defendant had no warrant for his arrest, no probable cause for the arrest, and no just cause, justification or excuse for the arrest, detention, the seizure of his property or the demand for the production of identification;

16.     Defendant Stokes, by acting as set forth above, has violated the Plaintiff's clearly established and well settled constitutional rights;

## COUNT II – PLAINTIFF VS. CITY OF ALLENTOWN

17.     Plaintiff incorporates herein by reference the allegations set forth in Paragraphs 1 through 16 as though the same were fully set forth herein at length;

18.     Prior to the events described herein, the Defendant, City of Allentown, developed and maintained ordinances, policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the geographic and jurisdictional limits of the City of Allentown, which caused violations of the Plaintiff's constitutional rights.  Specifically, the Defendant, City of Allentown, failed to adequately and properly supervise and train its police officers in various aspects of law enforcement procedure and substance, including, but not limited to, the nature and existence of probably cause, on the constitutional limitations on investigative stops, detentions, searches and seizures, and on the Laws of the Commonwealth relating to the ownership and possession of firearms and, furthermore enacted and enforced an

Ordinance which purported to make the open carrying of firearms within the City of

Allentown illegal, despite any ordinance of that type being prohibited by law;

19.     The above-described acts and omissions by the Defendant, City of

Allentown, demonstrated a deliberate indifference to the constitutional rights of citizens

of Allentown, and were the cause of the violations of the Plaintiff's rights as set forth

herein;

## COUNT III – PLAINTIFF VS. ALL DEFENDANTS

20.     Plaintiff incorporates herein by reference the allegations set forth in

Paragraphs 1 through 19 as though the same were fully set forth herein at length;

21.     The Defendants, acting in concert and under color of state law, have

deprived the Plaintiff of his rights under the First, Fourth, and Fourteenth Amendments

to the United States Constitution, including, but not limited to his right to be free from

unreasonable searches and seizures, and his right to be free from illegal arrests

and/or detentions, all which is a violation of the Civil Rights Act of 1866, as amended,

42 U.S.C. § 1983;

## COUNT IV – UNLAWFUL BATTERY, DETENTION
## AND ARREST UNDER STATE LAW

22.  The Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 21 of this complaint as though the same were fully set forth herein at length;

23.  The acts of the Defendant, Dale Stokes, constitutes an unlawful battery, and an unlawful detention and arrest under the law of the Commonwealth of Pennsylvania;

24.  As a result of the illegal acts of the Defendant, Dale Stokes, the Plaintiff has been damaged and  humiliated and has undergone emotional distress.

## COUNT V – CONSTITITUON OF THE
## COMMONWEALTH OF PENNSYLVANIA

25.  Plaintiff incorporates herein by reference the allegations set forth in Paragraphs 1 through 24 as though the same were fully set forth herein at length;

26.  The Defendants have denied the Plaintiff his rights under the Constitution of the Commonwealth of Pennsylvania, including his right to be secure in his person from unreasonable searches and seizures, and to be secure against arrest without probably cause;

27.  As a direct and proximate result of the foregoing, the Defendants have caused the Plaintiff to suffer significant indignities, and other damages and have deprived the Plaintiff of his rights and privileges as a citizen of the Commonwealth of Pennsylvania;

WHEREFORE, The Plaintiff requests this Court to find and determine, after trial by jury, that the Plaintiff has suffered substantial and continuing injury as a result of the deprivation of his civil and constitutional rights and other wrongful conduct on the part of the Defendants, and to award the following relief, as appropriate:

(a)   An injunction prohibiting the Defendants from any future violations of the civil and constitutional rights of the citizens;

(b)   An injunction prohibiting the Defendant, City of Allentown, from promulgating, or attempting to promulgate, enforcing, or attempting to enforce, any policy, rule or regulation which purports to limit, interfere with or restrict the constitutional rights of the citizens of this Commonwealth;

(c)   An injunction requiring the individual Defendant to receive such additional training as may be necessary to prevent a recurrence by them of the illegal activities described above;

(d)   Compensatory damages in an amount to be determined;

(f)   Pre-judgment interest, attorney's fees and costs;

(g)    Such other legal and equitable relief as the Court seems just and

proper.

Respectfully submitted:

WORTH, MAGEE & FISHER, P.C.


 /s/ Robert J. Magee, Esquire
Robert J. Magee, Esquire
Attorney for Plaintiff
Court I.D. #:  30911
2610 Walbert Avenue
Allentown, PA  18104
Telephone #:  610-437-4896
Facsimile #:  610-433-3955