**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JERRY RAY CORLISS,** : | |
|     **Plaintiff** : | |
| : | NO. 5:08-CV-5624 |
| **v.** : | |
| : | **JURY TRIAL DEMANDED** |
| **DALE STOKES AND THE CITY OF** : | |
| **ALLENTOWN,** : | |
|     **Defendants** : | |

**DEFENDANTS' DALE K. STOKES AND
THE CITY OF ALLENTOWN'S ANSWER TO COMPLAINT
TOGETHER WITH AFFIRMATIVE DEFENSES**

**I.    INTRODUCTION**

All claims for monetary damages and/or injunctive relief are denied.

**II.    JURISDICTION AND VENUE**

1.    Admitted.

2.    Admitted.

**III.    PARTIES**

3.    Admitted.

4.    It is admitted that Defendant Dale Stokes was at all relevant times a duly appointed Allentown police officer. At all times complained of, he was in full uniform and acting under

color of law as that term is understood in a 42 U.S.C. §1983 civil action. The remaining averments are legal conclusions which are denied.

5.     It is averred that the City of Allentown is a third class city and both exists and operates pursuant to the applicable laws of the Commonwealth of Pennsylvania. It is further admitted that Officer Stokes was, on October 6, 2008, a police officer employed in the City's police department. The remaining averments are denied as stated. By way of further answer and defense, the City of Allentown's police department is a PLEAC accredited agency having initially achieved accredited status on March 12, 2005 and was reaccredited on July 12, 2008. Officer Stokes completed his Act 120 training through the Allentown Police Academy and is current in his Act 180 updates.

## FACTUAL ALLEGATIONS

6.     The date and time are admitted. The premises of Home Depot, a retail establishment, are admittedly located at 1951 Glenwood Street, Allentown, Pennsylvania. The remaining averments are denied. By way of further answer, at the time of the initial contact with Plaintiff, it was not known whether he was a business invitee and/or was legally and/or lawfully upon the aforesaid premises. What was known was that the person later identified as Jerry Ray Corliss was a male, located in the tool coral with a firearm exposed on his hip and that by his actions, he was causing customers in the store to be concerned about their safety and to make inquiries as to what he was doing.

7.     Denied. At the time of the initial encounter, Officer Stokes asked the yet unidentified male if he had a permit. He answered that he did not have a permit. He put his hands up; Officer Stokes took his weapon, unloaded it for safety purposes, and put it on a nearby shelf. Officer Stokes detained the individual long enough to identify him as Jerry R. Corliss and

confirming that despite his verbal answer, he in fact had a current and new Lehigh County Carry Permit No. 39-21824.

8. Denied as stated. While the Plaintiff was in the tool coral with a firearm exposed on his hip, store employee Dawn Barry asked for Officer Stokes' assistance as she was hearing from customers in the store who were worried and who were asking what he was doing. Officer Stokes was already at the Home Depot, approximately one aisle over, when asked by Dawn Barry for his assistance.

9. Denied. Since 1968 when Terry v. Ohio, 392 U.S. 1 (1968) was decided, a police officer under the Fourth Amendment, has the right to make the type of stop and inquiry conducted by Officer Stokes. By way of further answer, it is averred that there was no formal arrest. Plaintiff was not handcuffed or otherwise restrained. Neither his firearm nor his ammunition were confiscated.

## COUNT I – JERRY RAY CORLISS v. DALE STOKES

10. The admissions or denials of Paragraphs 1 through 9 are incorporated by reference.

11. Denied. The incident began when Plaintiff chose to display his firearm in such a manner that customers of Home Depot became concerned for their safety.

12. Denied.

13. Denied.

14. Denied.

15. Denied as stated. At the date and time described in Paragraph 6, they had no warrant for the arrest of Plaintiff and no probable cause for a warrentless arrest of Plaintiff. By way of further answer, Defendant Stokes did not arrest Plaintiff. The remaining averments are denied generally.

16. Denied.

### COUNT II – JERRY RAY CORLISS v. THE CITY OF ALLENTOWN

17. Defendant, City of Allentown, incorporates by reference the admissions or denials of Paragraphs 1 through 16 as though the same were fully set forth herein.

18. Denied. It is public information that the City of Allentown's police department is an accredited agency having become such on March 12, 2005 and reaccredited on July 12, 2008. See, www.pachiefs.org; www.allentownpa.gov.

19. Denied. On the contrary, the acts as described in Defendants' Answer to Plaintiff's Complaint demonstrate that Plaintiff was afforded the applicable constitutional rights.

### COUNT III – JERRY RAY CORLISS v. ALL DEFENDANTS

20. The admissions or denials of Paragraphs 1 through 19 are incorporated by reference.

21. Denied.

### COUNT IV – UNLAWFUL BATTERY DETENTION AND ARREST UNDER STATE LAW

22. The admissions or denials of Paragraphs 1 through 21 are incorporated by reference.

23. Denied. Defendant Dale Stokes asserts here and elsewhere as to any and all state law claims the bar or limitation of the Pennsylvania governmental immunity statute found at 42 Pa.C.S. §8541 et. seq.

24. Denied. If Plaintiff sustained any damage, such damage was entirely due to his behavior at the Home Depot.

**COUNT V – CONSTITUTION OF THE COMMONWEALTH OF PENNSYLVANIA**

25. The admissions or denials of Paragraphs 1 through 24 are incorporated by reference.

26. Denied. Pennsylvania does not recognize a cause of action for damages directly under the Constitution of the Commonwealth of Pennsylvania. Defendants Stokes and the City of Allentown enjoy tort immunity under 42 Pa.C.S.§8541 et. seq.

27. Denied.

WHEREFORE Defendants, Dale Stokes and the City of Allentown, deny any and all liability to Plaintiff and demand judgment in their favor together with costs and counsel fees.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted directly under the Constitution of the Commonwealth of Pennsylvania.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's state law claims are barred by application of the Pennsylvania governmental immunity statute commonly referred to as the Tort Claims Act.

**FIFTH AFFIRMATIVE DEFENSE**

Police Officer Dale Stokes asserts his entitlement to qualified immunity.

**SIXTH AFFIRMATIVE DEFENSE**

One exception to the warrant requirement allows police to briefly detain individuals for an investigation, maintain the status quo, and if appropriate, conduct a frisk for weapons when there

is reasonable suspicion that criminal activity is afoot. Terry v. Ohio, 392 U.S. 1, 30 (1968). Police Officer Dale Stokes' encounter with Jerry Ray Corliss falls under Terry and its progeny.

### SEVENTH AFFIRMATIVE DEFENSE

By application of Terry v. Ohio and its progeny, Police Officer Dale Stokes' conduct was reasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

Pa. Const. Art. I, §8, is the Pennsylvania Constitutional equivalent of the Fourth Amendment to the United States Constitution. Pennsylvania follows and applies the concepts of Terry v. Ohio. See, Walt v. McCree, 924 A.2d 621 2007, f.n. 10.

### NINTH AFFIRMATIVE DEFENSE

The conduct of Police Officer Dale Stokes in general, follows Pennsylvania law as it applies, Terry v. Ohio. As a consequence, Police Officer Stokes cannot be found to have engaged in willful misconduct, thereby losing his tort immunity.

### TENTH AFFIRMATIVE DEFENSE

The City of Allentown Police Department is a PLEAC accredited agency having initially become an accredited on March 12, 2005 and reaccredited on July 12, 2008. Because the City of Allentown's police department is an accredited agency, Plaintiff cannot meet the requirements of Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978) and City of Canton, Ohio v. Harris 489 U.S. 378 (1989).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's right to bear arms, in this case, is based upon state law and not federal law. The County of Lehigh issued Plaintiff a permit to carry a concealed weapon.

WHEREFORE, Answering Defendants deny and all liability to Plaintiff and demand judgment in their favor together with costs and counsel fees pursuant to 42 U.S.C. §1988.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By: /s/ Robert G. Hanna, Jr.
    Robert G. Hanna, Jr., Esquire
    225 Market Street, Suite 304
    P.O. Box 1245
DATE: January 5, 2009    Harrisburg, PA 17108-1245
    (717) 233-6633 (telephone)
    (717) 233-7003 (facsimile)
    Atty No. PA17890
    rhanna@laverylaw.com
    Attys for Defendants

## CERTIFICATE OF SERVICE

I, Blanche A. Morrison, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 5th day of January, 2009, I served a true and correct copy of the foregoing **DEFENDANTS' DALE K. STOKES AND THE CITY OF ALLENTOWN'S ANSWER TO COMPLAINT TOGETHER WITH AFFIRMATIVE DEFENSES,** via electronic service on the ECF System to the following:

>Robert J. Magee, Esquire
>Worth Magee & Fisher, PC
>2610 Walbert Avenue
>Allentown, PA  18104-1852
>Email:  rmagee@fast.net
>Attorney for Plaintiff

>/s/ Blanche A. Morrison
>Blanche A. Morrison, Legal Assistant to
>Robert G. Hanna, Jr., Esquire

This document has also been electronically filed and is available for viewing and downloading from the ECF system.